**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
In re:

JACOBY & MEYERS -- BANKRUPTCY LLP, et al,          Chapter 7
                                                   Case No. 14-10641 (SCC)
                                                   Jointly Administered

                          Debtors.
------------------------------------------------------------------X

### ORDER APPROVING RETENTION OF GENERAL COUNSEL

    Upon the application (the "**Application**") of Jil Mazer-Marino, the interim chapter 7 Trustee in each of the above-captioned chapter 7 cases (the "**Trustee**"), to retain the law firm of Meyer, Suozzi, English & Klein, P.C. ("**MSEK**") as general counsel to the Trustee, and MSEK having or representing no interest adverse to the Trustee or to the estate in the matters upon which it is to be engaged, and that its employment will be in the best interests of the estate, it is

    **ORDERED,** that the Trustee is authorized to retain MSEK as general counsel to the Trustee under a general retainer for all matters in connection with its representation of the Trustee as set forth in the Application, *nunc pro tunc* to June 17, 2014; and it is further

    **ORDERED,** that all fees payable to MSEK shall be subject to proper application and Order of this Court; and it is further

    **ORDERED,** that prior to any increases in MSEK's rates for any individual employed by MSEK and providing services in these cases, MSEK shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any parties in interest that have filed a notice of appearance and request for notices in either of the Debtors' chapter 7 cases; and it is further

    **ORDERED,** that the supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code; and it is further

**ORDERED**, that the United States Trustee retains all rights to object to any rate increase

on all grounds including, but not limited to, the reasonableness standard provided for in section

330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant

to Section 330 of the Bankruptcy Code.


NO OBJECTION

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By: /s/ Andrew D. Velez-Rivera
     Andrew D. Velez-Rivera, Trial Attorney


Dated: July 16, 2014
New York, New York

                   /s/ Shelley C. Chapman
                   HONORABLE SHELLEY C. CHAPMAN
                   UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re:                                                          Chapter 7
                                                                Case No: 12-14319 (SHL)
IVAN PAVICIC,

                                          Debtors.
--------------------------------------------------------x

### ORDER APPROVING EMPLOYMENT OF
### SILVERMANACAMPORA LLP AS ATTORNEYS FOR THE TRUSTEE

Upon consideration of the application (the "Application") of Kenneth P. Silverman, Esq.,

the interim chapter 7 trustee (the "Trustee") of the estate of Ivan Pavicic (the "Debtor"), seeking

authority to employ SilvermanAcampora LLP ("SilvermanAcampora") to represent the Trustee

as his attorneys; and upon the affidavit of Ronald J. Friedman, Esq., a member of

SilvermanAcampora (the "Affidavit") which is attached to the Application; and it appearing that:

(i) the employment of SilvermanAcampora is necessary and would be in the best interests of the

estate; (ii) SilvermanAcampora is a "disinterested person" as that term is defined in §101(14) of

the Bankruptcy Code; and (iii) SilvermanAcampora is a firm duly qualified to practice in the

Courts of the State of New York and before this Court and that the firm represents no interest

adverse to this estate, and no adverse interest appearing thereto and no additional notice being

required; it is hereby

**ORDERED**, that in accordance with §327(a) of the Bankruptcy Code,

SilvermanAcampora be, and it hereby is, authorized and empowered to represent the Trustee

as his attorneys effective as of January 13, 2014; and, it is further

**ORDERED**, that ten business days' notice must be provided by SilvermanAcampora to

the Debtor(s), the United States Trustee and any official committee prior to any increases in the

rates set forth in the Application, and such notice must be filed with the Court. The United

States Trustee retains all rights to object to any rate increase on all grounds including, but not

limited to, the reasonableness standard provided for in §330 of the Bankruptcy Code, and the

AN/1464138/063854

Court retains the right to review any rate increase pursuant to §330 of the Bankruptcy Code; and, it is further;

**ORDERED**,   that all compensation and reimbursement of expenses to be paid to SilvermanAcampora shall be subject to prior application to, and award by, this Court, pursuant to 11 U.S.C. §§330 and 331, of the Bankruptcy Code and Local Bankruptcy Rules, any orders of this Court, and the Guidelines promulgated by the Office of the United States Trustee.

Dated: New York, New York
      February 5, 2014

                  **/s/ Sean H. Lane**
                  Honorable Sean H. Lane
                  United States Bankruptcy Court Judge

Dated: New York, New York
      January 30, 2014

NO OBJECTION:

/s/ Serene K. Nakano
Office of the United States Trustee

AN/1464138/063854

**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                             :
                                                  :        Chapter 7
BARBARA ZEIFER,                                   :
a/k/a BARBARA A. ZEIFER,                          :        Case No. 13-12228 (MG)
a/k/a BARBARA ALYN ZEIFER,                        :
a/k/a BARBARA ANN ZEIFER,                         :
                                                  :
                          Debtor.                 :
                                                  :
---------------------------------------------------------------x

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF CROWE HORWATH LLP AS ACCOUNTANTS TO THE CHAPTER 7 TRUSTEE AS OF MARCH 5, 2014

Upon the application, dated April 21, 2014, (the "Application"), of Yann Geron (the "Trustee"), the chapter 7 trustee of the estate of Barbara Zeifer, a/k/a Barbara A. Zeifer, a/k/a Barbara Alyn Zeifer, a/k/a Barbara Ann Zeifer, the above-captioned debtor (the "Debtor"), for an order, pursuant to 11 U.S.C. §§ 327(a) and 328, authorizing the employment and retention of Crowe Horwath LLP ("Crowe"), as accountants to the Trustee herein effective as of March 5, 2014; and upon the affidavit of Bernard W. Costich in support thereof (the "Costich Affidavit"); and it appearing that Crowe represents no interest adverse to the Trustee, the Debtor, her estate or creditors with respect to the matters for which Crowe is to be engaged, that Crowe is a disinterested person as that term is defined in 11 U.S.C. § 101(14), and that its employment is necessary and in the best interests of the estate; and for good and sufficient cause, it is hereby

**ORDERED**, that pursuant to 11 U.S.C. §§ 327(a) and 328, and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, the Trustee is hereby authorized and empowered to employ and retain Crowe as Trustee's accountants herein on the terms and conditions set forth in the Application and the Costich Affidavit; and it is further

**ORDERED**, that prior to any increases in Crowe's rates, Crowe shall file a supplemental affidavit with the Court and provide ten business days' notice to the United States Trustee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

**ORDERED**, that all compensation and reimbursement of expenses to be paid to Crowe shall be subject to prior application to, and award by, this Court, pursuant to 11 U.S.C. §§ 330 and 331, the Federal and Local Bankruptcy Rules, and the Guidelines promulgated by the Office of the United States Trustee.

Dated:   May 5, 2014
       New York, New York


                                    **/s/Martin Glenn**
                                   MARTIN GLENN
                     United States Bankruptcy Judge



**NO OBJECTION:**

Dated:   New York, New York
       May 2, 2014

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE


By:   _/s/ Richard W. Fox_
       Richard W. Fox
       Trial Attorney

2

**EXHIBIT D**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
In re:                                          :
                                                :        Chapter 11
JOSEPH NATHAN BARNES,                           :
                                                :        Case No. 13-10819 (SCC)
                                                :
                   Debtors.                     :
                                                :
-------------------------------------------------------x

## ORDER AUTHORIZING THE RETENTION OF
## GAZES LLC AS COUNSEL FOR THE TRUSTEE

**UPON** the application (the "Application"), dated January 13, 2014, of Ian J. Gazes,

chapter 11 trustee (the "Trustee") of the estate of Joseph Nathan Barnes (the "Debtor") and a

principal member of Gazes LLC (the "Firm"), for an order of this Court authorizing and

empowering the Trustee to retain the Firm as counsel in these cases under a general retainer

agreement, effective as of November 22, 2013, to perform legal services on behalf of the

Debtor's estate, and the Affirmation of Ian J. Gazes, Esq., the principal of the Firm, dated

January 13, 2014; and it appearing that the Firm does not hold or represent any interest adverse

to the estate in the matters upon which the Firm is to be engaged; that the Firm is a "disinterested

person," as that term is defined in 11 U.S.C. § 101(14); and that the employment of the Firm

would be in the best interests of the Debtor's estate; and due deliberation having been had

thereon; and no further notice hereof being required; it is hereby:

**ORDERED**, that the Application is granted to the extent provided herein; and it is

further

**ORDERED**, that to the extent the Application is inconsistent with this Order, the terms

of this Order shall govern; and it is further

1

**ORDERED**, that, notwithstanding any provision to the contrary in the Application, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order; and it is further

**ORDERED**, that, pursuant to 11 U.S.C. §§ 327(a) and (d), Fed. R. Bankr. P. 2014, and Local Bankruptcy Rule 2014-1, the Trustee be and hereby is authorized to retain the Firm effective as of November 22, 2013 as counsel to the Trustee in these cases; and it is further

**ORDERED**, that the Firm is authorized to provide the following services:

> (a) advising and consulting with the Trustee on the conduct of this chapter 11 case, including all of the legal and administrative requirements of operating in chapter 11;

> (b) attending meetings and negotiating with representatives of the creditors and other parties-in-interest;

> (c) taking all necessary actions to protect and preserve the Debtor's estate, including prosecuting actions on the Trustee's behalf, defending actions commenced against the estate and representing the Trustee's interests in negotiations concerning litigation in which the estate is involved, including objections to claims filed against the Debtor's estates;

> (d) preparing pleadings, including motions, applications, answers, orders, reports, chapter 11 plans and disclosure statements, and papers necessary or otherwise beneficial to the administration of the Debtor's estate;

> (e) advising the Trustee in connection with any sale of estate assets;

> (f) appearing before the Court and any appellate courts to represent the interests of the Trustee and the Debtor's estate  before those courts; and

> (g) performing all other necessary or otherwise beneficial legal services to the Trustee;

and it is further

**ORDERED**, that the Firm shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the

Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated November 25, 2009, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated June 17, 2013, and the fee guidelines issued by the Executive Office of United States Trustees, at 28 C.F.R., pt. 58, App. A ("UST Guidelines A" and together with the Court's fee guidelines, the "Guidelines"), and any monthly compensation orders entered by the Court; and it is further

**ORDERED**, that prior to any increases in the Firm's rates for any individual retained by the Firm and providing services in this case, the Firm shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Firm's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code; and it is further

**[CONTINUED ON NEXT PAGE]**

**ORDERED**, that the Firm will not charge the estate for time spent preparing, reviewing the invoices or time records submitted in support of any monthly fee statements or fee applications.

NO OBJECTION:
Office of the United States Trustee
Dated: January 13, 2014


By:    _/s/ Andrea B. Schwartz_____
        Andrea B. Schwartz, Trial Attorney


Dated: February 18, 2014
New York, New York

                                    _/s/ Shelley C. Chapman_
                                    HONORABLE SHELLEY C. CHAPMAN
                                    UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT E**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————X

In re

        C.P. Construction Corp.,              Case No. 09-17084 (REG)
                                     Chapter 7 Case

                    Debtor.

————————————————————————X

## ORDER AUTHORIZING THE RETENTION OF GARY R. LAMPERT, C.P.A., AS ACCOUNTANT TO THE TRUSTEE, *NUNC PRO TUNC* TO OCTOBER 10, 2013, PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE

Upon the Application ("**Application**") of Angela Tese-Milner ("**Trustee**"), the

Chapter 7 Trustee for the estate of C.P. Construction Corp. (the "**Debtor**"), for an order

authorizing the retention of Gary R. Lampert, C.P.A. ("**Accountant**") to provide

professional services to the estate, and upon the Affidavit of Gary R. Lampert; and with it

appearing that the Accountant does not represent or hold any interest adverse to the

Trustee, the Debtor, or to the estate; and that the Accountant's employment is necessary

and will be in the best interest of the estate; and that the Accountant is a "disinterested

person," as that term is defined by Section 101(14) of Title 11 of the United States Code;

and after due deliberation and sufficient cause appearing; now therefore, it is

      **ORDERED** that the Application is granted to *the extent provided herein*; and it is

further

      **ORDERED** that the Trustee be, and she hereby is, authorized to retain the

Accountant as accountant to the Trustee, *nunc pro tunc* to October 10 2013; and it is

further

      **ORDERED** that the Accountant is authorized to prepare estate tax returns; and it

is further

**ORDERED** that should the Trustee seek to expand the role of the Accountant's services beyond matters relating to the preparation of the estate's tax returns, Mr. Lampert shall file a description of such additional matters with the Court and serve such a description on not less than three (3) business days' notice, by way of notice of presentment on the United States Trustee; and it is further

**ORDERED** that the Accountant shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013, and the fee guidelines issued by the Executive Office of United States Trustees, at 28 C.F.R., pt. 58, App. A ("UST Appendix A Guidelines," and together with the Court's fee guidelines, the "**Guidelines**"); and it is further

**ORDERED** that prior to any increases in the Accountant's rates for any individual retained by the Accountant and providing services in this case, the Accountant shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor and to the United States Trustee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Trustee has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code; and it is further

**ORDERED** that the Accountant will not charge the estate for time spent preparing its invoices or reviewing or modifying its time entries included in any monthly statements or any fee application; and it is further

**ORDERED** that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and to determine all matters arising from, or related to, the implementation of this Order.

Dated:  New York, New York
      *December 30, 2013*

                *Robert E. Gerber*
                HON. ROBERT E. GERBER
                UNITED STATES BANKRUPTCY JUDGE

No Objection:
William K. Harrington
United States Trustee for Region 2

By /s/ Andrea B. Schwartz
    Andrea B. Schwartz, Esq.
    Trial Attorney

**EXHIBIT F**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re:                                          Chapter 7
                                                Case No: 14-11366-SCC
ALAN D. HERMAN,

                         Debtor.
-------------------------------------------------------------------x

### ORDER APPROVING EMPLOYMENT OF
### LAMONICA HERBST & MANISCALCO, LLP
### AS ATTORNEYS FOR THE TRUSTEE

Upon the consideration of the application (the "Application") of Gregory M. Messer, Esq.,

the Chapter 7 Trustee (the "Trustee") of the estate of Alan D. Herman (the "Debtor"), seeking

authority to employ LaMonica Herbst & Maniscalco, LLP ("LH&M") to represent the Trustee

under a general retainer as his attorneys, and upon the affidavit of Gary F. Herbst, Esq., a member

of LH&M, (the "Affidavit") which is attached to the Application, and it appearing that (i) the

employment of LH&M is necessary and would be in the best interests of the estate; (ii) LH&M is a

"disinterested person" as that term is defined in 11 U.S.C. §101(14); and (iii) LH&M is a firm duly

qualified to practice in the Courts of the State of New York and before this Court and that the firm

represents no interest adverse to this estate, and no adverse interest appearing thereto and no

additional notice being required, it is hereby

**ORDERED**, that in accordance with 11 U.S.C. §327 of the Bankruptcy Code, LH&M is

authorized and empowered to represent the Trustee as his attorneys effective as of June 16, 2014,

under a general retainer for the following purposes:

    a. Assist the Trustee with an investigation into the Debtor's financial and
       business affairs and to investigate and advise the Trustee as to potential
       claims and causes of action that should be pursued;

b. Provide legal advice with respect to the Trustee's statutory powers and duties;

c. Prepare, file and prosecute such motions objecting to claims, as directed by the Trustee, that may be necessary to complete the administration of this estate;

d. Prepare and file such motions and applications, as directed by the Trustee, in connection with the Trustee's statutory duties in this case;

e. Conduct such investigations, conduct such examinations and commence such actions as may be necessary for the Trustee to complete his statutory duties; and

f. Perform any other legal services for the Trustee in connection with his statutory powers and duties.

**ORDERED**, that LH&M shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, and the United States Trustee Fee Guidelines; and it is

**ORDERD**, that ten business days prior to any increases in the rates of the LH&M, LH&M shall file a supplemental affidavit with the Court (the "Supplemental Affidavit"). The Supplemental Affidavit shall explain the basis for the requested rate increase in accordance with Section 330(a)(3)(F) of the Bankruptcy Code. All parties, including the United States Trustee, retain all rights to object to or otherwise respond to any rate increase on any and all grounds, including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code.

Dated: New York, New York
     July 15, 2014

NO OBJECTION:
*s/Serene Nakano*
Office of the United States Trustee


Dated: July 17, 2014
New York, New York

                                          */s/ Shelley C. Chapman*
                                          HONORABLE SHELLEY C. CHAPMAN
                                          UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT G**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

In re:

     Dr. Miles Galin,                        Case No. 11-15121 (SMB)
                                         Chapter 7 Case

               Debtor.
_____X

## ORDER AUTHORIZING THE RETENTION OF THE
## LAW FIRM OF TESE & MILNER NUNC PRO TUNC
## TO APRIL 27, 2012

        Upon the annexed Application ("Application") of Angela Tese-Milner, Chapter 7

Trustee ("Trustee") for Dr. Miles Galin ("Debtor"), for an order authorizing the retention

of the Law Firm of Tese & Milner ("Law Firm") to provide professional services to the

Estate, and upon the annexed Affirmation of Angela Tese-Milner, a member of the Law

Firm, and it appearing that neither the Law Firm nor Ms. Tese-Milner represent, nor hold,

any interest adverse to the Trustee, the Debtor, or to the Estate in the matters upon which

the Law Firm will be engaged, and that said Law Firm's employment is necessary and

will be in the best interest of the Estate, and after due deliberation and sufficient cause

appearing, now therefore, it is

        ORDERED that the Application is granted to *the extent provided herein*; and it is

further

        ORDERED that the Trustee be, and she hereby is, authorized to retain the Law

Firm of Tese & Milner as her attorneys in the Chapter 7 Case *nunc pro tunc* to

April 27, 2012 on the terms and conditions more particularly set forth in the Application

and Affirmation appended thereto; and it is further

        ORDERED that the Law Firm is authorized to employ the following services:

1

A. Represent the Trustee before the Bankruptcy Court and advise the Trustee on all pending litigation, hearings and motions.

B. Perform other legal services which may be necessary to protect the interests of the Estate.

C. Prosecute objections to claims, if any; and it is further

ORDERED that the Law Firm shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated November 25, 2009, and the United States Trustee Fee Guidelines (collectively, the "Fee Guidelines"); and it is further

ORDERED that ten business days' notice must be provided by the Law Firm to the Debtor, the United States Trustee and any official committee prior to any increases in any of the Law Firm's rates for any individual retained by the Law Firm, and such notice must be filed with the Court. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code; and it is further

ORDERED that the Court shall retain jurisdiction to hear and to determine all matters arising from, or related to, implementation of this Order.

2

Dated:  New York, New York
　　　　August 10th, 2012

　　　　　　　　　　　　　　　　　　　/s/ STUART M. BERNSTEIN
　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

No Objection:
United States Trustee for Region 2

By _____
　　　　Andrea B. Schwartz
　　　　Trial Attorney

3

**EXHIBIT H**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————X

In re

       Michael Golding,                  Case No. 12-14634 (JMP)
                                         Chapter 7 Case

                  Debtor.

—————————————————————X

## ORDER AUTHORIZING THE RETENTION OF THE LAW FIRM OF TESE & MILNER, *NUNC PRO TUNC* TO JANUARY 8, 2013, PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE

Upon the Application ("**Application**") of Angela Tese-Milner ("**Trustee**"), the

Chapter 7 Trustee for the estate of Michael Golding (the "**Debtor**"), for an order

authorizing the retention of the Law Firm of Tese & Milner (the "**Law Firm**") to provide

professional services to the estate, and upon the Affirmation of Angela Tese-Milner, a

member of the Law Firm; and with it appearing that neither the Law Firm nor Ms. Tese-

Milner represent, nor hold, any interest adverse to the Trustee, the Debtor, or to the

estate; and that the Law Firm's employment is necessary and will be in the best interest

of the estate; and that the Law Firm is a "disinterested person," as that term is defined by

Section 101(14) of Title 11 of the United States Code; and after due deliberation and

sufficient cause appearing; now therefore, it is

      **ORDERED** that the Application is granted to *the extent provided herein*; and it is

further

      **ORDERED** that the Trustee be, and she hereby is, authorized to retain the Law

Firm as her attorneys in the Chapter 7 Case, *nunc pro tunc* to January 8, 2013; and it is

further

      **ORDERED** that the Law Firm is authorized to provide the following services:

1

a.  Representing the Trustee before the Bankruptcy Court and advising the Trustee on all pending litigation, hearings and motions;

b.  Reviewing the financial records of the Debtor, and assisting the Trustee in recovering any assets of the estate;

c.  Filing applications and proposed orders, as necessary, including applications for discovery under Federal Rule of Bankruptcy Procedure 2004;

d.  Filing and prosecuting adversary proceedings, as necessary, to recover preferences and fraudulent conveyances, if any, and to protect and marshal the assets of the estate;

e.  Performing other legal services which may be necessary to protect the interests of the estate;

f.  Reviewing and analyzing all motions filed with the Bankruptcy Court by third parties in this case; and

g.  Prosecuting objections to claims, if any; and it is further

**ORDERED** that the Law Firm shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013, and the United States Trustee Fee Guidelines (collectively, the "**Fee Guidelines**"); and it is further

**ORDERED** that prior to any increases in the Law Firm's rates for any individual retained by the Law Firm and providing services in this case, the Law Firm shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor and to the United States Trustee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Trustee has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not

limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy

Code, and the Court retains the right to review any rate increase pursuant to Section 330

of the Bankruptcy Code; and it is further

     **ORDERED** that the Law Firm will not charge the estate for time spent preparing

its invoices or reviewing or modifying its time entries included in any monthly statements

or any fee application; and it is further

     **ORDERED** that to the extent the Application is inconsistent with this Order, the

terms of this Order shall govern; and it is further

     **ORDERED** that the Court shall retain jurisdiction to hear and to determine all

matters arising from, or related to, the implementation of this Order.


**Dated: April 15, 2013**
**New York, New York**

                                          **/s/ James M. Peck**

                                          **Hon. James M. Peck**
                                          **United States Bankruptcy Judge**

No Objection:
Tracy Hope Davis, Esq.
United States Trustee for Region 2

By /s/ Andrea B. Schwartz
    Andrea B. Schwartz, Esq.
    Trial Attorney

3

# EXHIBIT I

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____ X

In re:                                                          Chapter 7

        Planet Pets, Inc.,                               Case No. 09-11228 (JMP)

                        Debtor.
_____ X

### ORDER AUTHORIZING THE RETENTION OF EISNERAMPER, LLP, AS FORENSIC ACCOUNTANTS TO THE TRUSTEE, *NUNC PRO TUNC* TO MARCH 20, 2009, PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE

Upon the March 31, 2009 application ("**Application**"), and the March 14, 2013

supplemental application ("**Supplemental Application**") of Angela Tese-Milner, the

Chapter 7 Trustee ("**Trustee**") for the estate of Planet Pets, Inc. ("**Debtor**"), for the

retention of EisnerAmper, LLP ("**EisnerAmper**"), as forensic accountants to the Trustee,

*nunc pro tunc* to March 20, 2009, pursuant to 11 U.S.C. § 327(a), and the supplemental

affidavit ("**Supplemental Affidavit**") of David Ringer, C.P.A., a member of

EisnerAmper; and it appearing that EisnerAmper does not represent, nor hold, any

interest adverse to the Trustee, the Debtor, or to the estate; and that EisnerAmper's

employment is necessary and will be in the best interest of the estate; and that

EisnerAmper is a "disinterested person," as that term is defined by Section 101(14) of

Title 11 of the United States Code ("**Bankruptcy Code**"); and after due deliberation and

sufficient cause appearing; now therefore, it is

        **ORDERED** that the Application, as supplemented by the Supplemental

Application, is granted to *the extent provided herein*; and it is further

        **ORDERED** that the Trustee be, and she hereby is, authorized to retain

EisnerAmper, as forensic accountants, in the Chapter 7 case, *nunc pro tunc* to March 20,

2009, on the terms and conditions more particularly set forth in the Supplemental

Affidavit; and it is further

**ORDERED** that EisnerAmper shall be compensated in accordance with and will

file interim and final fee applications for allowance of its compensation and expenses and

shall be subject to section 330 of the Bankruptcy Code, the Federal Rules of Bankruptcy

Procedure, the Local Rules, the Amended Guidelines for Fees and Disbursements for

Professionals in the Southern District of New York, dated January 29, 2013, and the

United States Trustee Fee Guidelines; and it is further

**ORDERED** that prior to any increases in EisnerAmper's rates for any individual

retained by EisnerAmper and providing services in this case, EisnerAmper shall file a

supplemental affidavit with the Court and provide ten business days' notice to the Debtor

and to the United States Trustee.  The supplemental affidavit shall explain the basis for

the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy

Code and state whether the Trustee has consented to the rate increase.  The United States

Trustee retains all rights to object to any rate increase on all grounds including, but not

limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy

Code, and the Court retains the right to review any rate increase pursuant to Section 330

of the Bankruptcy Code; and it is further

**ORDERED** that to the extent the Application or Supplemental Application is

inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED** that EisnerAmper will not charge the estate for time spent preparing

its invoices or reviewing or modifying its time entries included in any monthly statements

or any fee application; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and to determine all

matters arising from, or related to, implementation of this Order.


No Objection:
Tracy Hope Davis, Esq.
United States Trustee for Region 2

By   /s/ Andrea B. Schwartz
     Andrea B. Schwartz, Esq.
     Trial Attorney




**Dated: April 16, 2013**
**New York, New York**

                              /s/ James M. Peck
                              _____
                              **Hon. James M. Peck**
                              **United States Bankruptcy Judge**

# EXHIBIT J

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
In re:

        Barbara E. Ehrlich,                Case No. 12-14597 (ALG)
                                     Chapter 7 Case

                Debtor.
_____X

## ORDER AUTHORIZING THE RETENTION OF THE
## LAW FIRM OF TESE & MILNER, *NUNC PRO TUNC*
## TO MARCH 15, 2013, PURSUANT TO
## <u>SECTION 327(a) OF THE BANKRUPTCY CODE</u>

Upon the Application ("**Application**") of Angela Tese-Milner ("**Trustee**"), the

Chapter 7 Trustee for the estate of Barbara E. Ehrlich (the "**Debtor**"), for an order

authorizing the retention of the Law Firm of Tese & Milner (the "**Law Firm**"), as

attorneys for the Trustee, *nunc pro tunc* to March 15, 2013, pursuant to 11 U.S.C. §

327(a), and upon the Affirmation of Angela Tese-Milner ("**Affirmation**"), a member of

the Law Firm; and it appearing that neither the Law Firm nor Ms. Tese-Milner represent,

nor hold, any interest adverse to the Trustee, the Debtor, or to the estate; and that the Law

Firm's employment is necessary and will be in the best interest of the estate; and that the

Law Firm is a "disinterested person," as that term is defined in 11 U.S.C. § 101(14); and

after due deliberation and sufficient cause appearing; now therefore, it is

        **ORDERED** that the Application is granted to *the extent provided herein*; and it is

further

        **ORDERED** that the Trustee be, and she hereby is, authorized to retain the Law

Firm as her attorneys in the Chapter 7 Case, *nunc pro tunc* to March 15, 2013, on the

terms and conditions more particularly set forth in the Application and Affirmation; and

it is further

**ORDERED** that the Law Firm is authorized to provide the following services:

a. Representing the Trustee before the Bankruptcy Court and advising the Trustee on all pending litigation, hearings and motions;

b. Reviewing the financial records of the Debtor, and assisting the Trustee in recovering any assets of the estate;

c. Filing applications and proposed orders, as necessary, including applications for discovery under Federal Rule of Bankruptcy Procedure 2004;

d. Filing and prosecuting adversary proceedings, as necessary, to recover preferences and fraudulent conveyances, if any, and to protect and marshal the assets of the estate;

e. Performing other legal services which may be necessary to protect the interests of the estate;

f. Reviewing and analyzing all motions filed with the Bankruptcy Court by third parties in this case; and

g. Prosecuting objections to claims, if any, and it is further

**ORDERED** that the Law Firm shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013, and the United States Trustee Fee Guidelines (collectively, the "**Fee Guidelines**"); and it is further

**ORDERED** that prior to any increases in the Law Firm's rates for any individual retained by the Law Firm and providing services in this case, the Law Firm shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor and to the United States Trustee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Trustee has consented to the rate increase. The United States

2

Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code; and it is further

**ORDERED** that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED** that the Law Firm will not charge the estate for time spent preparing its invoices or reviewing or modifying its time entries included in any monthly statements or any fee application; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and to determine all matters arising from, or related to, the implementation of this Order.

Dated:  New York, New York
     May 16, 2013

**s/Allan L. Gropper**
Hon. Allan L. Gropper
United States Bankruptcy Judge

No Objection:
Tracy Hope Davis, Esq.
United States Trustee for Region 2

By /s/ Andrea B. Schwartz
   Andrea B. Schwartz, Esq.
   Trial Attorney

3

# EXHIBIT K

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re:                                              :
                                                    :        Chapter 7
JAIME A. BATISTA and ISABEL M. MOREL,   :
                                                    :        Case No.: 14-10500 (SHL)
                                     Debtors.       :
------------------------------------------------------------- x

## ORDER AUTHORIZING RETENTION OF
## TARTER KRINSKY & DROGIN LLP AS COUNSEL TO THE TRUSTEE

Upon consideration of the application of Deborah J. Piazza, the Chapter 7 Trustee (the "Trustee") of the estates of Jaime A. Batista and Isabel M. Morel (the "Debtors"), seeking authority to employ Tarter Krinsky & Drogin LLP ("TKD") as counsel to the Trustee under a general retainer as her attorneys, and upon the accompanying affirmation of Deborah J. Piazza, Esq., a partner at TKD, and the Court being satisfied that TKD is a "disinterested person" under 11 U.S.C. §101(14), represents no interest adverse to the Trustee, the Debtor or the estate, and that the employment of TKD is necessary and in the best interests of the estate; and no further notice being required, it is

**ORDERED**, that in accordance with 11 U.S.C. §§ 327(a) and (d), Fed R. Bankr. P. 2014, and Local Bankruptcy Rule 2014-1, that the Trustee is authorized to retain TKD to act as her counsel under a general retainer *nunc pro tunc* to May 14, 2014; and it is further

**ORDERED**, that no compensation or reimbursement of expenses shall be paid to TKD for professional services rendered to the Trustee, except upon proper application and by further Order of this Court pursuant to 11 U.S.C. §§ 330 and 331, and in accordance with the Bankruptcy Rules, the local rules of this Court and the United States Trustee guidelines; and it is further

**ORDERED**, that prior to any increases in TKD's rates for any individual employed by TKD and providing services in this case, TKD shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether TKD's client has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

Dated: New York, New York
      June 4, 2014

                        */s/ Sean H. Lane*
                        SEAN H. LANE
                        UNITED STATES BANKRUPTCY JUDGE


NO OBJECTION:


*/s/ Richard C. Morrissey*
Office of the United States Trustee
By: Richard C. Morrissey, Trial Attorney
Dated: May 30, 2014

**EXHIBIT L**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                             :

          In the Matter         :        Chapter 7

                             :        Case No. 14-11953 [REG]

             -of-            :

                             :

     Technisphere Corporation,     :

                             :

            Debtor.         :

                             :
--------------------------------------------------------------- X

## ORDER AUTHORIZING INTERIM TRUSTEE TO RETAIN DAVIS, GRABER, PLOTZKER & WARD, LLP, AS HIS ACCOUNTANTS

UPON the application of Albert Togut, not individually but solely in his capacity as the Chapter 7 Interim Trustee (the "Trustee") of the estate of Technisphere Corporation (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP, seeking entry of an Order pursuant to Section 327(a) of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 2014, and Local Bankruptcy Rule 2014-1 authorizing the Trustee to retain and employ the accounting firm of Davis, Graber, Plotzker & Ward, LLP ("DPG&W") as his accountants herein;  and upon the Affidavit of Andrew W. Plotzker, CPA, a member of DGP&W (the "Plotzker Affidavit") annexed to the Application;  and upon the subjoined non-objection of the United States Trustee for the Southern District of New York;  and the Court being satisfied that DPG&W, and the members and employees thereof, does not represent any interest adverse to this estate or the Trustee and that its employment is necessary and in the best interests of this estate, and no further notice being required, it is hereby

**ORDERED**, that the Trustee is authorized to employ DPG&W as his accountants upon the terms set forth in the Application and the Plotzker Affidavit; and it is further

**ORDERED**, that prior to any increases in the DPG&W's rates for any individual employed by DPG&W and providing services in these cases, DPG&W shall file a Supplemental Affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee, which shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Trustee has consented to the rate increase. Parties in interest, including the United States Trustee, retain all rights to object to or otherwise respond to any rate increase on all grounds including, but not limited to, the reasonableness standard under section 330 of the Bankruptcy Code. Supplemental affidavits are not required for rate increases effective on or after the date the Trustee submits the Trustee's Final Report to the United States Trustee; and it is further

**ORDERED,** that DPG&W will not charge the estate(s) for time spent preparing, editing or revising the invoices or time records submitted in support of any monthly fee statements or fee applications; and it is further

**ORDERED,** that in the event of any inconsistency between the Application and this Order, this Order shall govern; and it is further

**ORDERED**, that for cause shown in the Application, the retention of the DPG&W is effective *nunc pro tunc* to July 1, 2014; and it is further

**ORDERED**, that all compensation and reimbursement of out-of-pocket

2

expenses to DPG&W shall be subject to and paid only upon the entry of the further

Order of this Court pursuant to sections 330 and 331 of the Bankruptcy Code.


DATED:  New York, New York
            August 7, 2014

                                    _____s/ Robert E. Gerber_____
                                    HONORABLE ROBERT E. GERBER
                                    UNITED STATES BANKRUPTCY JUDGE



**NO OBJECTION**:
William K. Harrington, Esq.
UNITED STATES TRUSTEE
By:



_____/s/ Andrew Velez-Rivera_____
ANDREW VELEZ-RIVERA, ESQ.
July 10, 2014

**EXHIBIT M**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
                                  :

In the Matter            :        Chapter 7

                               :        Case No. 14-11953 [REG]

           -of-             :

                               :

Technisphere Corporation,     :

                               :

           Debtor.      :

                               :
-------------------------------------------------------------- X

## ORDER AUTHORIZING THE CHAPTER 7 INTERIM TRUSTEE
## TO RETAIN TOGUT, SEGAL & SEGAL LLP AS HIS ATTORNEYS

        UPON the application (the "Application") of Albert Togut, not

individually, but solely in his capacity as the Chapter 7 Interim Trustee (the "Trustee")

herein, for authority to retain Togut, Segal & Segal LLP (the "Togut Firm") as his

attorneys in connection with his administration of the estate of Technisphere

Corporation (the "Debtor") pursuant to §327(d) of the Bankruptcy Code, Rule 2014 of

the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2014-1;  and

upon the Affidavit of Albert Togut furnished in compliance with the Local Rules of this

Court;  and it appearing that the attorneys employed by the Togut Firm are duly

admitted to practice in this Court, that the Togut Firm represents no interest adverse to

the Debtor's estate, and that the employment of the Togut Firm is necessary and in the

best interests of the estate;  and notice pursuant to Local Bankruptcy Rule 9074-1(b)

having been given;  and no objections to the relief requested having been filed;  and the

United States Trustee having no objection to the entry of this Order; and reasonable

cause appearing therefore; and no further notice thereof being required, it is

       **ORDERED**, that the Trustee be, and hereby is, authorized to employ the

Togut Firm as his attorneys in connection with the Debtor's estate, pursuant to §327(d)

of the Bankruptcy Code; and it is further

       **ORDERED**, that prior to any increases in the Togut Firm's rates for any

individual employed by the Togut Firm and providing services in these cases, the Togut

Firm shall file a Supplemental Affidavit with the Court and provide ten business days'

notice to the Debtor, the United States Trustee and any official committee, which shall

explain the basis for the requested rate increases in accordance with section 330(a)(3)(F)

of the Bankruptcy Code and state whether the Trustee has consented to the rate

increase. Parties in interest, including the United States Trustee, retain all rights to

object to or otherwise respond to any rate increase on all grounds including, but not

limited to, the reasonableness standard under section 330 of the Bankruptcy Code.

Supplemental affidavits are not required for rate increases effective on or after the date

the Trustee submits the Trustee's Final Report to the United States Trustee; and it is

further

       **ORDERED**, that for cause shown in the Application, the retention of the

Togut Firm is effective *nunc pro tunc* to July 1, 2014; and it is further

       **ORDERED**, that all compensation to be received by the Togut Firm for

services rendered to the Trustee shall be subject to proper written application for

compensation in accordance with sections 330 and 331 of the Bankruptcy Code, and

shall be paid pursuant to further Order of this Court.


DATED:  New York, New York
        August 7, 2014

_____*s/ Robert E. Gerber*_____
HONORABLE ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE


**NO OBJECTION**:

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE,
By:


/s/ Andrew Velez-Rivera_____
ANDREW VELEZ-RIVERA, ESQ.
Trial Attorney